# FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2014 JUN 25  PM 4: 22

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

UNITED STATES OF AMERICA

v.

JASON MONROE EPSTEIN

CASE NO. 5:14-cr- 24-Oc- 10 PRL
18 U.S.C. § 201(b)(2)
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on or about April 1, 2012, and continuing through on or about April 30, 2014, in Sumter County, Florida, in the Middle District of Florida, and elsewhere, the defendant,

### JASON MONROE EPSTEIN,

being a public official, employed by United States Department of Justice, United States Bureau of Prisons, as a Correctional Officer at the Federal Correctional Institution USP1, Coleman Federal Correctional Complex, did, directly and indirectly, knowingly and corruptly receive, accept, and agree to receive and accept anything of value personally and for any other person and entity, in return for being influenced in the performance of an official act, and in return for being induced to do an act in violation of his official duty, that is, the smuggling of contraband in the form of tobacco and marijuana into the Federal Correctional

Complex and Federal Correctional Institution USP1 in return for payment of monies.

All in violation of Title 18, United States Code, Section 201(b)(2).

## FORFEITURE

1.      The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      From his engagement in the violations alleged in Counts One of this Indictment, punishable by imprisonment for more than one year, the defendant,

### JASON MONROE EPSTEIN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations.

3.      If any of the property described in paragraph 2, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been comingled with other property which cannot be divided without difficulty,

2

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
ROBERT E. BODNAR, JR.
Assistant United States Attorney

By: _____
Carlos A.   Perez-Irizarry
Assistant United States Attorney
Chief, Ocala Division

3